The counsel for the prisoner may challenge for cause, but not peremptorily.
During this trial, the defendant stood up erect in the bar several hours, her countenance was ghastly pale, without the least expression, or indication of understanding.
The Court, in its charge to the jury, observed that it was necessary, for them, not only to consider whether the prisoner could speak at all, but whether she had understanding to know what was meant by the indictment.
Though she might say yes or no, still she might not know what this court was about. *Page 83 
After a short retirement, the jury returned, and found that the defendant was mute by the visitation of God; upon which the Court ordered the plea of not guilty to be entered for her.
Being late in the evening, and it appearing to the Court that the defendant would neither eat nor drink when any person was near, they ordered her to be remanded, and brought out next day for trial.
On Tuesday she was brought to the bar, and put on trial on the plea of not guilty.
As usual, forty-eight persons were summoned, and, upon application of the counsel assigned the prisoner, a copy of the list of jurors was handed by the clerk, and they for the prisoner were allowed peremptory challenges, as is usual in case of felony.
The counsel for the prisoner stated to the Court, that, as they had no means of being informed of the prisoner's disposition with respect to peremptory challenges, they wished to ask each person summoned as a juror, as he came forward, whether he had made up or expressed any opinion.